QUESTIONS: 1. Does the owner of real property who places a mobile home thereon and permanently affixes it to the land prior to January 1 of the tax year have a choice of being taxed on the mobile home and the land both as real property or of paying a license tax and placing an "MH" tag on the mobile home with only the land being taxed as real property? 2. Does the owner of a mobile home which has been permanently affixed to land and has been taxed as real property have the option at a later date to request that the assessor take the mobile home off the real property rolls and that the owner be allowed to purchase an "MH" license tag? 3. What type of tag is the owner of real property who purchases a mobile home in March of any given year and permanently affixes it to the land required to have on this mobile home in the year of purchase? 4. Assuming the same facts as in question 3, is there any way a mobile home owner can be exempt from buying an "MH" license tag for the portion of the year of purchase and have the mobile home placed on the real property roll the following year?
SUMMARY: The decision as to whether a mobile home which has been purchased and placed on land belonging to the mobile home owner is taxable as real property or as a motor vehicle is one which must be made by the assessor and the owner does not, per se, have a "choice" as to its tax classification. However, the mobile home owner does have a choice as to whether the mobile home is to be "permanently affixed" to his or her land. Once this choice is made and the mobile home is permanently affixed to the land and taxed as real property, the owner may not receive an MH tag. Reclassification of a mobile home from real property to a motor vehicle requires a determination by the assessor as to severance of the mobile home from the realty. When a mobile home is purchased and permanently affixed to land subsequent to the January 1 tax day, there is no statutory exception to the requirement that an MH license plate must be purchased for the mobile home for that year. Questions 1 and 2 should, in my opinion, be answered in the negative; question 3 is answered in the following discussion; and question 4 is answered in the negative. Essentially the same issue raised by question 1 was considered previously in AGO 072-371 wherein I expressed the opinion that while the ultimate determination of whether a mobile home has been "permanently affixed" to land and thus should be taxed as real property is to be made by the assessor, the intent of the owner is one of the factors which should be considered and indeed has been held to be "the chief element to be considered." Commercial Finance Co. v. Brooksville Hotel Co., 123 So. 814, 816
(Fla. 1929). An expression of the owner's intent in his or her application for either an "MH" or an "RP" tag would be highly relevant, but not conclusive. See also AGO 072-74 and 14 Fla. Jur. Fixtures ss. 3-6. Thus, while the owner has a "choice" as to whether or not he or she should "permanently affix" the mobile home to his or her land, once the assessor has determined that it is permanently affixed, the owner does not have a choice as to its taxable status. Your second question, I believe, has been previously considered in AGO 072-74. It was my opinion that a mobile home which had been previously determined by the assessor to be affixed to land and taxed as real property could not properly be removed from the real property assessment roll unless the assessor determined that the mobile home had been severed from the realty and was no longer permanently affixed thereto. To establish that there has been a severance of the fixture (mobile home) from the property, the taxpayer must demonstrate to the tax assessor that the mobile home which became realty by annexation has by severance become personalty again. . . . Attorney General Opinion 072-74. With regard to question 3, current statutes require that "mobile homes," as defined by s. 320.01(2), F.S., be issued either an MH or an RP license tag, s. 320.0815, F.S. An RP tag is to be issued only to a mobile home or recreational vehicle which has been "permanently affixed to the land and taxed as real property," id. In AGO 070-124, my predecessor in office expressed the opinion that a mobile home which is permanently affixed to land subsequent to the January 1 tax day would not be subject to ad valorem taxation as of that date, and therefore, could not be issued an RP plate. Thus, the answer to question 3 is that an MH license tag must be purchased for the year in which a mobile home is purchased and permanently affixed to land. With regard to question 4, current statutory law does not contain any provision for a mobile home owner to be exempted from the requirement to purchase an MH license plate for the year of purchase even though the mobile home is permanently affixed to the land and probably will be placed on the real property roll the following year. Section 320.015, F.S., expressly provides that mobile homes are subject to a license tax "unless classified and taxed as real property." See AGO 070-124 with regard to the possibility of a refund of a portion of the license tax for the period of motor vehicle tag life beyond the applicable January 1 tax day for real property. See also AGO 071-86 with regard to the cutoff date for taking applications in qualifying mobile homes for RP tags.